IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEBRA L. WOODRUFF,                          :
                                            :       C.A. No: K16A-02-003 RBY
                    Appellant,              :       In and for Kent County
                                            :
        v.                                  :
                                            :
UNEMPLOYMENT INSURANCE                      :
APPEALS BOARD, and EDICO USA,               :
INC.,                                       :
                                            :
                    Appellees.              :


*Submitted: July 1, 2016*
*Decided: July 25, 2016*


*Upon Consideration of Appellant's Appeal from*
*the Unemployment Insurance Appeals Board*
AFFIRMED

**ORDER**


Debra L. Woodruff, *Pro se*.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Unemployment Insurance Appeals Board.

B. Brian Brittingham, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for EDICO USA, Inc.


Young, J.

## SUMMARY

Debra L. Woodruff ("Appellant") appeals the decision of the Unemployment Insurance Appeal Board ("UIAB" or "the Board") finding that she is disqualified from receipt of unemployment benefits. The Board found that Appellant voluntarily quit her employment without good cause, and therefore, was disqualified to receive the disputed benefits. Because the Board's finding is supported by substantial evidence and free from legal error, the decision below is **AFFIRMED**.

## FACTUAL BACKGROUND

Appellant was employed by EDICO USA, Inc. ("Employer") from 2011 until she quit in 2015. Employer provides English language lessons online to South Korean students who are native Korean speakers. Employer maintains a Dover office, but the President is located in company offices in South Korea. Students' families pay Employer for lessons. Teachers are paid in ten minute intervals for online instruction to students.

During the course of Appellant's employment, Employer assigned her a roster of students. Employer has a policy requiring that teachers in the program report student absences daily, and indicating that teachers will not be paid past the third day of student absence.

### *Pay Dispute between Appellant and Employer*

Appellant had a student on her roster ("Student") who was chronically absent for at least six months from December 2014 until May 29, 2015. According to Employer, Appellant had not followed strictly Employer's reporting policy and procedure with regards to Student's absences. Employer had paid Appellant for

2

the time it took her to make failed calls to Student during the six month period. When Employer finally became aware of Student's ongoing absences, managers at the Dover office immediately communicated with Appellant about the situation.

Employer and Appellant were unable to reach an agreement as to the circumstances of Student's absences and the procedural compliance of Appellant's absence reports. In June 2015, Employer sought to recoup overpayment of Appellant's wages from the time period when services were not rendered to Student. Employer sought $519.15 in reimbursement from Appellant through a "Penalty Package." In response, Appellant wrote a letter to Employer's President in South Korea, objecting to the penalty. In late July 2015, Employer's Dover office received and relayed a response to Appellant, in which Employer agreed to reduce the penalty by half to $259.57. Appellant maintained her objection to the penalty, requesting further clarification from Employer. Then, a manager at Employer's Dover office indicated that the penalty was final and the case was closed. Appellant submitted her written letter of resignation to Employer on August 4, 2015.

### *Application for Benefits and Claims Deputy's Decision*

Appellant filed an application for unemployment insurance benefits on August 2, 2015, which Employer opposed. On September 10, 2015, the Claims Deputy issued a decision in favor of Appellant. Employer appealed the decision. Internal inconsistencies in the statutory citations and application of the law prompted an Appeals Referee to remand the case back to the Claims Deputy. The Claims Deputy then corrected the errors and again issued a decision in favor of

Appellant on October 29, 2015, finding that Appellant had voluntarily quit for good cause, and was, therefore, qualified to receive unemployment benefits pursuant to 19 *Del. C.* § 3314(1) (the "Statute").

### *Appeals Referee Hearing*

On November 18, 2015, a hearing was held before the Appeals Referee for the Board regarding Appellant's disqualification for unemployment benefits. There, Appellant testified that she had fulfilled her obligations as a teacher while working for Employer. Appellant claimed that she had complied with Employer's reporting procedure by documenting her calls to Student during the extended period of his absence. Appellant further stated that she and other teachers working for Employer were paid even when students were absent. According to Appellant, Employer's documentation and reporting requirements were inconsistent and changed over the relevant time period, and student contact information was poorly maintained. In closing, Appellant acknowledged that the reason she quit was because she disputed the penalty imposed by Employer.

In rebuttal, J. J. Park ("Park") testified for the Employer at the hearing. Park stated that Student was absent for nearly five months; Appellant was paid for instruction during that time; and Appellant failed to comply with Employer's reporting procedure. Park indicated that the proper procedure for reporting student absences involved contacting Employer's office directly after a student's third consecutive absence. Employer's counsel highlighted the employment agreement indicating that a teacher will not be paid for student lessons after the third consecutive absence. Thus, according to Employer, Appellant was overpaid, and

Student's family was overcharged, for services not rendered and payment not due.

Park pointed out that, through communications with Employer's President at the South Korea office, the penalty was reduced by half. Park explained that Appellant submitted her letter of resignation prior to the removal of any students from her teaching roster with Employer.

Another witness, Kim DiSalvo ("DiSalvo"), also testified on behalf of Employer. DiSalvo confirmed the correct absence reporting procedure involved directly contacting Employer's office. DiSalvo stated that teachers' reports come to her email, and that she did not receive proper reports from Appellant regarding Student's absences. DiSalvo also testified that Appellant received payment for, and Student's family paid for, teaching services not performed during a nearly six month period. DiSalvo further confirmed that, upon receiving Appellant's letter of resignation, Employer's South Korea office was notified. According to DiSalvo, this was done so that coaches, contact points between Employer and the students on teachers' rosters, could look for a new teacher for each student. At no time did Employer's Dover office notify Appellant's students directly, nor was it responsible for terminating each's assignment to Appellant. Instead, DiSalvo testified, each student made the decision to part ways with Appellant following notification of her resignation.

Following the hearing, the Appeals Referee issued a decision affirming the Claims Deputy. The Referee indicated that Appellant voluntarily quit with good cause attributable to Employer and was eligible to receive unemployment benefits. The decision was based upon Employer's "assessment of a financial penalty to be

deducted from [Appellant's] pay check" which the Referee found "was related to [Appellant's] work and amounts to a substantial reduction in wages," establishing good cause pursuant to the Statute. In addition, the Referee found that Appellant's extended attempts to resolve the dispute with Employer satisfied the statutory requirement to "exhaust her available administrative remedies."

### *UIAB Board Hearing*

Employer timely appealed the Referee's decision, submitting that the Referee misapprehended the relevant facts and misapplied applicable statutory and case law. On January 20, 2016, the Board convened a hearing on the appeal. There, Employer reasserted the argument that Appellant failed to comply with proper reporting procedure under the terms of her employment agreement. Thus, according to Employer, the penalty assessed against Appellant was appropriate, and Appellant's voluntary resignation was without good cause. Appellant argued once more than she complied with reporting procedure, was properly paid for student absences, and that the penalty assessed was unfair, prompting her to quit with good cause attributable to Employer.

The Board found that Appellant violated Employer's reporting procedure, and was paid for services not rendered. As a result, Employer sought to recoup the overpayment directly from Appellant, which the Board did not deem a substantial reduction in wages within the meaning of the Statute. The Board concluded that Appellant's reasons for quitting were personal and not based on good cause. Therefore, the Board reversed the Referee's decision, holding that Appellant voluntarily quit without good cause, and was disqualified from receiving

unemployment benefits.

### ***Appeal from UIAB Decision***

Appellant appealed the Board's decision to this Court on February 26, 2016. Appellant listed her grounds for appeal as follows: 1) "Board's decision was not supported by the substantial evidence admitted in to the record;" and 2) "Claimant suffered a substantial reduction of wages which constitutes good cause for a voluntary quit or in the alternative a constructive discharge."

Appellant's opening and reply briefs restated her grounds for appeal and contended that she properly followed Employer's reporting procedure for student absences. Appellant argued that no record evidence was offered by Employer to justify the disputed penalty assessed against her for claimed overpayments. Appellant maintains the position that the penalty amounted to a substantial reduction in wages. Therefore, Appellant asserts that the Board's determination that she lacked good cause to quit voluntarily is not supported by substantial record evidence. Not only does Appellant claim that the Board's determination is legally inadequate, but also that the Board committed an abuse of discretion.

Employer's answering brief restates its position that Appellant failed to follow proper reporting procedure, and that her resignation was not for good cause. Instead, Employer maintains that Appellant chose to quit voluntarily rather than pay the disputed penalty. Employer describes Appellant's claimed grounds for appeal as completely without merit, given ample record evidence of her failure to report Student's absences according to procedure, which justifies Employer's penalty against Appellant.

7

The Board declined to file an answering brief.

## STANDARD OF REVIEW

For administrative board appeals, this Court is limited to reviewing whether the Board's decision is supported by substantial evidence and free from legal error.[1] Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion."[2] It is "more than a scintilla, but less than preponderance of the evidence."[3] An abuse of discretion will be found if the board "acts arbitrarily or capriciously...exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[4] Where an agency has interpreted and applied a statute, the court's review is *de novo*.[5] In the absence of an error of law, lack of substantial evidence or abuse of discretion, the Court will not disturb the decision of the board.[6]

## DISCUSSION

Appellant asks this Court to reverse the holding of the Board, which denied her claim for unemployment insurance. In contemplating Appellant's request, this Court is limited in its review of the decision below to ensuring that the Board

---

[1] 29 *Del. C.* §10142(d); *Avon Prods. v. Lamparski*, 203 A.2d 559, 560 (Del. 1972).

[2] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. Super. Ct. 1981).

[3] *Id.*

[4] *Delaware Transit Corp. v. Roane*, 2011 WL 3793450, at *5 (Del. Super. Ct. Aug. 24, 2011) (citation omitted).

[5] *Lehman Brothers Bank v. State Bank Commissioner,* 937 A.2d 95, 102 (Del. 2007).

[6] *Anchor Motor Freight v. Ciabattoni,* 716 A.2d 154, 156 (Del. 1998).

based its findings on substantial evidence, and that no legal error was committed. The Court is to avoid acting as a "trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[7]

The controlling statute in this appeal is 19 *Del. C.* § 3314(1), providing that an employee who voluntarily quits her job without good cause shall be disqualified from receiving unemployment benefits. Good cause is understood to mean "such cause as would justify one in voluntarily leaving the ranks of the employed and joining the ranks of the unemployed."[8] This cause must further be "for reasons connected with employment."[9]

Here, the Board made the factual determination that Appellant's voluntary withdrawal from employment was without good cause. The Board engaged in a weighing of credibility between Appellant's and Employer's interpretations of the situation. The Board concluded that Employer's penalty did not constitute a substantial reduction in Appellant's wages for purposes of the Statute. Therefore, the Board found that Appellant voluntarily quit working for Employer for personal reasons, in order to avoid paying the penalty.

To the extent that the Board's decision was based on "substantial evidence,"

---

[7] *Johnson v. Chrysler Corp.*, 213 A.3d 64, 66 (Del. 1965).

[8] *Sandefur*, 1993 WL 389217 at *4.

[9] *White v. Security Link*, 658 A.2d. 619, 622 (Del. Super. Ct. 1994).

this Court is to take this conclusion at face value.[10] The Board centered its finding upon the extensive record and testimony below establishing that Appellant violated Employer's reporting requirements and was penalized accordingly. A reasonable trier of fact could reach the same conclusions as the Board did based upon the circumstances presented. As such, this Court finds that the Board's decision was firmly rooted in substantial evidence. Moreover, the ultimate decision to disqualify Appellant from receiving unemployment benefits was based upon the controlling statute, and, hence, free from legal error. Therefore, the Board did not abuse its discretion.

To the extent that Appellant raises constructive discharge as an alternative ground for appeal, the Court does not reach that argument. Superior Court Civil Rule 72(a) provides that appeals to the Superior Court shall be "heard on the record made below." Here, constructive discharge issue was neither raised nor addressed in the prior proceedings.

## CONCLUSION

For the foregoing reasons, the decision of the Board is **AFFIRMED**.

---

[10] *Behr v. Unemployment Ins. Appeal Bd.*, 1995 WL 109026 at *2 (Del. Super. Ct. Feb. 7, 1995).

*Woodruff v. UIAB, et al.*
*C.A. No.: K16A-02-003 RBY*
*July 25, 2016*

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel
       Debra L. Woodruff (*via U.S. Mail*)
       Opinion Distribution